## MINNEAPOLIS THRESHING MACHINE COMPANY v. F. VOIGT.[1]

December 12, 1895.

Nos. 9603—(208).

### City Situate in Two Counties—Appeal from Justice.

The city of Ortonville is composed of territory a portion of which is included in the county of Big Stone, and the other portion thereof included in the county of Lac Qui Parle. Under the law, process may issue from the city justice of said city directed to any constable in either of said counties. *Held*, that an appeal would lie to the district court of either county from a judgment rendered by said city justice.

Appeal by defendant from an order of the district court for Lac Qui Parle county, dismissing an appeal.   Reversed.

*Palmer & McElligott*, for appellant.

*E. F. Crawford*, for respondent.

BUCK, J.   The city of Ortonville is composed of territory lying within the counties of Big Stone and Lac Qui Parle, and was incorporated as a city by special act of the legislature, approved January 28, 1881,[2] and by its terms the act creates a city justice, with the general powers conferred upon justices of the peace.[3]

This action was commenced before said city justice by the plaintiff against the defendant, a resident of the county of Lac Qui Parle, and the summons served upon him in said county.   He did not appear on the trial of the action, and judgment was entered against him in said court; and thereupon he appealed from the judgment to the district court of Lac Qui Parle county, where the appeal was dismissed for want of jurisdiction, upon the ground that the appeal should have been taken to the county of Big Stone, and not to the county of Lac Qui Parle.   No reason was assigned why the appeal should have been taken solely to Big Stone county.

The special law incorporating the city of Ortonville provides "that an appeal from any judgment or decision of said justice shall be allowed as now provided by law for appeals from judgments rendered

---

[1] Reported in 65 N. W. 261.                    [2] Sp. Laws 1881, c. 33.

[3] Laws 1875, c. 139, § 14.

by justices of the peace." [4]   G. S. 1894, § 5067, provides that "any person aggrieved by any judgment rendered by any justice   *   *   * may appeal, by himself or agent, to the district court of the county where the same was rendered." The act incorporating the city of Ortonville by its terms provides that its incorporation is made under Laws 1875, c. 139. Section 7 of this law provides that all process issued by the justice of the peace of said village shall be directed to any constable of said village or county. In this case no question is made as to the legality of the act incorporating the city of Ortonville by reason of its territory being taken from the two adjoining counties of Big Stone and Lac Qui Parle.

Laws 1893, c. 85, amends G. S. 1878, c. 65, tit. 1, § 1, relating to the jurisdiction of justices of the peace, defining their jurisdiction as coextensive with the county in which they reside, which amendment is added to that section, and reads as follows: "Provided that this act shall not repeal or affect the jurisdiction of any city justice or justice of the peace under the charter of any incorporated city or village situated in two or more counties." By this amended section, which is the same as G. S. 1894, § 4955, writs of attachment and garnishee process may run into and be served in any county in the state. This power of a justice of the peace to issue process in certain cases directed to a constable in another county, to be by him served therein, does not appear to have ever been disputed. The city justice had the right to issue process which should run to the constable of said village, or to one in either county, because he was elected in a territory composed in part of both counties.

Counsel for the respondent has argued this case upon the assumption that the city justice who entered the judgment resided in that portion of the territory comprised within the county of Big Stone, and that, therefore, the appeal should have been taken to the district court of that county. The record does not disclose any such fact, but, if it did, it would be immaterial. He was not elected to reside in that portion of Big Stone county embraced within the city of Ortonville, or in any particular part thereof. His jurisdiction to issue process was coextensive with the boundaries of the city of which he was a city justice, and the right of this appellant to appeal cannot

[4] Sp. Laws 1881, c. 33, § 4.

be defeated, whether the city justice resided upon one side or the other of the line between the two counties passing through said city. His jurisdiction to issue process which might be served in either county was coextensive with the limits and boundaries of either or both counties, and therefore an appeal would lie from his judgments to the district court of either county. The district court which first obtained jurisdiction upon the appeal would retain it, to the exclusion of the district court of the other county.

The case of Falk v. Goldberg, 45 Wis. 94, was identical with the one at bar, and the court there held that an appeal might be taken to the circuit court in either county. We think this rule in harmony with the spirit of the various laws upon the subject of the place of trial of action, and it is certainly an equitable doctrine that a defendant should have a right of trial in the county where he resides, although we do not base our decision upon the ground that this defendant was a resident of the county of Lac Qui Parle, but upon the broader ground that he had the right to appeal from the judgment rendered against him to the district court of either of the two counties mentioned.

The order of the trial court dismissing the appeal therein is reversed, and the cause remanded to that court, for further proceedings according to law.

